UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WYMES,

        Plaintiff,                  Case Number: 4:21-CV-10700
                                                 Hon. Stephanie Dawkins Davis

v.

OFFICER LAUGHTON,

        Defendant.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

**I.    INTRODUCTION**

Daniel Wymes, a prisoner in the custody of the Michigan Department of Corrections, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names a single defendant, corrections officer Laughton. He sues Laughton in his official and individual capacities and seeks punitive and compensatory damages. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1).

For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. § 1915(e)(2) for Plaintiff's failure to state a claim.

**II.    STANDARD OF REVIEW**

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen an *in forma pauperis* complaint before service and dismiss the complaint in

whole or in part if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A *pro se* complaint should be liberally construed and held to a "less stringent standard" than one drafted by an attorney, but must still plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

### III. COMPLAINT

Plaintiff's claims against defendant Laughton arise from an incident at the G. Robert Correctional Facility in Jackson, Michigan, on August 28, 2020. At that time, the correctional facility was operating under restrictions necessitated by the

COVID-19 pandemic, including the suspension of all visiting privileges. (ECF No. 1, PageID.7). On the morning of August 28, 2020, Plaintiff waited in line to call his mother. *Id.* He was about to make a call when he was ordered to put on a mask even though, according to Plaintiff, the mask mandate did not become effective until it was officially posted later that day. *Id.* Nevertheless, Plaintiff complied and returned with a mask. *Id.* Upon his return, Laughton became "very combative, confrontational, and insult[ing]." *Id.* He told Plaintiff not to touch the phone and threatened to call a special response team to forcibly remove Plaintiff to administrative segregation. *Id.* at 8. Plaintiff asked to speak to a supervisor. *Id.* at 9. It is unclear from the complaint whether a supervisor was called. Ultimately, Plaintiff was not permitted to use the phone. *Id.* Plaintiff claims that Laughton restricted Plaintiff's phone use, at least in part, in retaliation for Plaintiff's request to speak to a supervisor. *Id.* at 11.

Plaintiff maintains that Laughton's actions violated his rights under the First and Fourteenth Amendments.

## IV.  DISCUSSION

Prisoners have a First Amendment right to "to communicate with family and friends" which includes "reasonable access to the telephone." *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (internal quotation omitted). At the same time,

"an inmate 'has no right to unlimited telephone use.'" *Id.* (quoting *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989)). "[A] prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" *Id.* (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)); *see also Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) ("[F]reedom of association is among the rights least compatible with incarceration. Some curtailment of that freedom must be expected in the prison context.").

Here, Plaintiff alleges a limitation of his phone use on a single occasion. The limit on his phone use was related to the mask requirement, which itself is rationally related to the need to prevent possible spread of COVID-19. Plaintiff does not allege that there was no alternative means of communicating with his family, such as communication by letter, or that he was unable to use the telephone on any other occasion. *See Brown v. Davis*, 2019 WL 211070, at *4 (W.D. Mich. Jan. 16, 2019) (finding letter-writing an adequate substitute for telephone access). The temporary deprivation of telephone access as described in the complaint fails to state a First Amendment free association violation.

Plaintiff also asserts that defendant Laughton violated his First Amendment rights because Laughton retaliated against Plaintiff for asking to speak to a supervisor during this incident. To state a First Amendment retaliation claim, a

plaintiff must plausibly allege that: "(1) he engaged in protected conduct; (2) the defendant took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3)...the adverse action was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (*en banc*)).

"[S]ome adverse actions are so de minimis that they do not give rise to constitutionally cognizable injuries." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). "[W]hen the alleged adverse action is 'inconsequential' resulting in nothing more than a 'de minimis injury,' the claim is properly dismissed as a matter of law." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583, 84 (6th Cir. 2012). The temporary deprivation Plaintiff suffered here, while understandably frustrating, was an isolated, routine inconvenience of prison life. No reasonable trier of fact could find that it was adverse action that would deter a person of ordinary firmness from engaging in protected conduct. *C.f. Meeks v. Schofield*, 625 Fed. Appx. 697, 701-02 (6th Cir. 2015) (holding that several searches of inmate's workstation and denial of access to law library on one occasion was de minimis conduct that did not constitute adverse action).

Petitioner also alleges that defendant Laughton violated his Fourteenth

Amendment right to due process. To sustain a Fourteenth Amendment due process claim, an inmate must allege a deprivation of a liberty interest protected by the Due Process Clause. The Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). A prisoner is entitled to due process protections only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 486-87 (1995).

Here, Plaintiff does not allege that the length of his sentence has been altered. So to demonstrate that he has been deprived of a liberty interest, Plaintiff must demonstrate that he suffered an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Id.* Plaintiff's loss of phone privileges for one day is not an "atypical and significant hardship" under the *Sandin* analysis. Most aspects of an inmate's life, including the ability to visit and to use the telephone, are heavily restricted while in prison. *Id.* at 485. Plaintiff does not have a liberty interest in phone privileges to which due process can attach. *See Coleman v. Long*, 772 Fed. Appx. 647, 649 (10th Cir. 2019) (holding that restrictions on telephone privileges did not infringe on a liberty interest that would be protected by the Due Process Clause); *Hester v. Mamukuyomi*, 750 Fed. Appx.

275, 277 (5th Cir. Sept. 11, 2018) (loss of telephone privileges did not implicate due process); *Davis v. Small*, 595 Fed. Appx. 689, 691 (9th Cir. 2014) (holding that the Due Process Clause does not give rise to a protected liberty interest in phone privileges); *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (prisoner "has no right to unlimited telephone use"). Plaintiff's due process claim fails because loss of phone privileges for a single day does not implicate a protected liberty interest.

V. **ORDER**

Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* on appeal because an appeal may be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge

Dated: July 29, 2021